First case on the docket is 525-0029, People of the State of Illinois, Capital Development Board v. Baysinger Architects, et al. Is the counsel ready to proceed? Okay. Mr. Dull, is it?  Dulli. Okay, Mr. Dulli. Good morning. May it please the court, counsel? Good morning. I represent Baysinger Architects. In this case, they were sued in connection with a claim brought by the State of Illinois or the Capital Development Board alleging a breach of an architectural contract. The case essentially presents you with three issues of law and one procedural issue. The first issue is whether or not the party's contract, the professional service agreement, contains a mandatory alternative dispute resolution and whether or not the claim that was alleged under the petition is covered by that provision. The PSA or the professional service agreement, in my opinion, clearly covers the dispute that is alleged by the plaintiff. This was brought as a motion to dismiss. As such, all the well-plaid facts in their complaint are accepted as true and there are no factual findings that need to be made either by the trial court or by this court. And in connection, the PSA clearly states that the parties agree as follows. It's before any dispute, before any party files litigation, it shall dismiss the dispute to ADR. It goes on to define that the term dispute means one or two things. One is any contested claim or matter growing out of the project. That's the first category. The second category is any contested claim or matter growing out of CDB's project contracts regarding payment or time of performance. We believe the first clause applies because the dispute is did they, did my client, properly perform the services that they agreed the contract to do? Mr. Dooley, did the trial court order this to arbitration? The trial court did and I think it was a... I mean, what do we do with that when there's no arbitration clause? Well, I don't think you can make us go to arbitration. I think the law is clear that you can only arbitrate if the parties agree to arbitrate. I think you could fix that if you were so inclined to uphold the trial court's order. I think you could fix it and say you got to do what's required under the contract and that's merely mediation. It's alternative dispute. Yes, it's alternative dispute resolution. The definition of it appears to indicate that the parties are supposed to get together with a mutual third party and try to resolve their dispute. In the 35 years that I've been doing this, that's what we typically refer to as mediation. Well, but the clause itself says the forms of ADR that may be utilized include but are not limited to mediation, mini-trials, a dispute resolution board, or resolution through expert opinion, but do not include arbitration. So, are the parties supposed to select which option they want to use under this contract? It seems to be that, but it also doesn't really say. I think the parties would have the opportunity to do it. I think the parties would have to pick one of the three, but we never got to that point in this case, so it's speculation. But if we don't agree, the parties don't agree. Well, on the matter? On what type of ADR? Then I think what would happen, someone would have to come into court and the court would have to pick them based upon its interpretation of the contract. The other parties to the suit refused ADR, is that correct? They did, but they're not parties to this contract. Correct. And because they're not parties to this contract, this contract doesn't require that as between my client and the CDB, doesn't require their attendance. But would you agree that they're a necessary party in terms of resolving the issue, or the dispute? Not the dispute between myself and the CDB.  Because they're not alleging that my client performed the work, the actual roof replacement improperly. They're not alleging that my client failed to pay on the performance bonds. Those are the other two claims. Their allegation as to my client is where there's some contractual obligations that my client breached in connection with its performance. They have separate claims against the contractor, saying the contractor put on a defective system. That's the Everlord Strange People. And they have a separate claim against the travelers, saying the travelers failed to perform on their performance bond. And as noted in our brief, and as referenced in their complaint, they attached those separate contracts. They entered into separate contracts with the roofing replacement company and with travelers. They were not subcontractors under our agreement. So I think the real issue here is when the contract specifically says that ADR must be performed, and the contract specifically refers to it as a condition precedent, if you fail to satisfy the condition precedent, what happens to the lawsuit? And I believe that the lawsuit should be dismissed as to my client. Because, again, my client is the only party to the PSA that has this provision. And I think that's supported by Illinois law and the law of the other jurisdictions I look at. If we remove the issue of ADR and just look at the basic law in Illinois of what happens when a condition precedent to a lawsuit hasn't been satisfied, cases are clear. The case gets dismissed. How is basing the harm, though, by the state? Well, the basing is harmed by the state for two reasons. First of all, it's a contractual requirement that they were entitled to, and they didn't comply with it. And number two, the harm is that we were supposed to do all this before they had to engage in litigation. So we've had the expenses of the litigation. We've had the expenses of the appeal. So basing jurors' out-of-pocket expenses that had the parties complied with the contract may have been avoided. I mean, those are real expenses that they've incurred in this lawsuit that if the contract is complied with, there wouldn't have been a lawsuit, there wouldn't have to be a defense, there wouldn't have to have been the motion, there wouldn't have to have been the appeal. All that would have been avoided. So I think there's real substantial prejudice to basing. And I don't think the state's argument that, well, somehow if we dismiss the case, that's going to make it so that the state can't recover on their claim. The state still has claims against travelers and still has claims against the contractor, and those claims are not affected by anything that this court does or anything that the trial court did in ruling on this particular motion. And I don't see how a court could compel either of the other parties to participate in this media, in any alternative dispute resolution, because there's nothing in their contracts that require it. Now, I didn't study it. I did briefly look over their contracts because they're attached to the complaint, but there's nothing in those contracts where they agree to participate in ADR. It's not like you have a construction agreement with the general contractor, the general then goes out with subcontractors, and the subcontractor with the contract says, we incorporate all the terms of the master contract. That's not here. So I don't know what language you would, a court would rely upon to order any non-party to purchase a professional service agreement to attend to ADR. And again, if you use the basic rule that there's got to be some agreement to do it, I don't see how you would do it. So I think that the ADR definition of dispute is big enough, or a definition of parties to say anyone who may have a stake in the dispute, whose participation is perceived as essential to resolution, you think that's big enough to cover it? Well, in all fairness, I don't think so. Because I think the dispute is, under the professional service agreement, is did Basinger perform what it was, performance obligations under the architectural contract? The architectural contract doesn't have anything to say with regards to the building or the installment of the roof. The architectural contract has nothing to say, or the agreement has nothing to do with the indemnity bond or the performance bond that was issued by Travelers. In addition to that, I think the way the language is written is such that it says it is the parties and the subcontractors of the parties. These guys are not subcontractors. They're direct contractors with the Capital Development Board, and they are not subcontractors to Basinger. So I don't see that we fall under the terms of that provision as it's written. I don't see how their absence would affect the enforcement of that provision. I don't think it's a specific issue you would like it to be, but... Well, I can draft it. In a further form, yes, it would be way more defined. But I do think the language does refer to the parties are their subcontractors, and I don't think we are a subcontractor. I don't think either of those parties are subcontractors. I agree with you. It does say other parties, and it may be necessary to resolution of the dispute, but I think what they're talking about there, I think if we had to speculate what the intent is, that would be if there was some subcontractors or material men or some suppliers and there was some issue with the supply, that you could bring those people in there. So what relief are you requesting? I'm asking that the case be dismissed as to my client and that they be allowed to proceed with the other claims, but that my clients be dismissed because my clients had a specific contract that was on a Capital Development Board form, and that contract specifically required alternative dispute resolution prior to filing. So if you have no other questions of me, I'll step down. No, that's fine. The provision about the ADR, does that cover all the disputes or only payment disputes? No, it's written in such a way that it covers two categories of disputes. The first is any contested claim or matter growing out of the project. Then there's an or. So growing out of the project or CDB's project contracts regarding payment or time of performance. So I think that or is important. There's two. The first one is any contested claim or matter growing out of the project. And then the second one is any contested claim or matter growing out of the project contracts regarding payment or time of performance. So I think it's clearly not just limited. And I think the trial court got that right. But I sound like my kids. I like what Bob said on one thing, but I don't like what Bob said on the other thing. Go complain to Dad. But I think that's the way. I think that's the proper way. Mr. Dudley, one last question. You did not provide a report of proceedings. I did not because the appeal is obviously an interlocutory appeal. I admit that I improperly titled the appeal. I should have referenced 307 in my notice of appeal. But clearly we're appealing a stay, which is under 307. And under 307 we're not required to provide that. On top of that, I don't believe one existed. On top of that, there were no factual findings made by the trial court. There's none referenced in the order. It's a motion to dismiss. And so the issue presented here is purely an issue of law. And the case law is clear that transcript or bystanders report is not required where there are no factual findings, where you all are tasked with trying to figure out whether or not the trial court made the right factual findings. This is a complete de novo review based upon that. Are you saying there was no hearing in the motion? There was argument. There was argument. Yeah, there was argument. But it was, I believe we did it by Zoom. And I don't even believe there was a court reporter present. We called and they said there was no transcript. And I wouldn't know how you would prepare. When I was the municipal judge in the city of Clayton, we used to record everything. But as far as I know, there weren't even a recording of this proceeding done. At least that's what we were told when we asked. Okay. Thank you. Can you pronounce your name for me? Sure. It's April Schoeneberg. Okay. Schoeneberg? Ms. Schoeneberg? Ms. Schoeneberg? Good morning, and may it please the Court. I'm Assistant Attorney General Caitlin Schoeneberg, and I represent the Defendant Affiliate of the Capitol Development Court. This Court should affirm the Circuit Court's order denying Basinger's motion to dismiss and staying the case pending the party's participation in ADR for two reasons. Before getting into those two reasons preliminarily, I would like to address Your Honor's question about the Court ordering arbitration. As we noted in our brief, given the Circuit Court's reference to Article 8 of the contract throughout its order and then referencing an arbitration clause, I believe that was likely a scrivener's error and the Court meant to reference the ADR clause referenced in the Article 8 governance in the contract. So I believe that's simply a scrivener's error and the Court meant to reference the ADR provision. If that was incorrect, however, the Board would welcome a decision from this Court remanding with instruction for the Circuit Court to provide an amended order specifying that the party should be participating in ADR as contemplated by the contract. Okay. Thank you. Can you address the issue of the record as well? I believe that was the question. The transcript? I think you addressed it in your brief. Yes. So certainly Rule 307, as an interlocutory appeal, the parties are allowed to provide supporting records certified by the attorney that the complete record is there for purposes of the appeal. So it may not be a full certified record from the Circuit Court. However, Rules Basinger in its reply brief referenced Illinois Supreme Court Rule 328 to specify that a transcript or bystander's report was not required. Rule 328 does specify that a full certified record is not required and instead a record authenticated by the attorney filing it may be filed. But Rule 328 still requires a supporting record must contain an appealable order or judgment, a time being filed and served notice of appeal, as well as any other matter necessary to the application made. And part of what Basinger's appeal here argues is that the case against it should have been dismissed rather than the case being stayed. And so as we argued in our brief, a transcript or bystander's report discussing what happened during the hearing would be necessary for purposes of this appeal. Our belief is that as to the portion of the Circuit Court's order staying the matter, that is reviewed for an abuse of discretion. And so a bystander's report or transcript is necessary here so that this court may fully and meaningfully evaluate what may have been discussed by the court or the parties during that hearing, particularly as it pertains to the balance of equities and the harms that the parties may endure as a result of a stay. And so that's the reason, as we explained in our brief, that under Fouch v. O'Brien, because this court cannot conduct a full and complete meaningful review of the Circuit Court's decision here, that alone warrants affirmance. Aside from that, however, as to the- That alone warrants affirmance or remand? Warrants that this court affirm the Circuit Court's order as it stands, which is denying the motion to dismiss and staying the matter pending, again, I'm using the phrase ADR given the Circuit Court's reference to Article 8, although the Circuit Court stated arbitration in its order. What do you think the standard of review is? Mr. Dooley said it was de novo. I agree that as to any interpretation of the contract itself, that is a question of law that would be subject to de novo review. As to the portion of the Circuit Court's order staying the matter pending ADR, that portion would be subject to abuse of discretion, the abuse of discretion standard. And that- But you're not saying we can't decide an abuse of discretion standard without a bystander's report or a report of proceedings. I mean, that's done all the time if there's a sufficient record, otherwise. Certainly, if there's a sufficient record. And my point here is simply that as part of the analysis that courts conduct when deciding whether to stay a matter, courts look to likelihood of success on the merits as well as balance of equities between the parties. And there may have been discussion between the parties and the court about what types of harms either party may incur. You know, any discussion from the court about what it decided or what it considered maybe to be an important harm or an important reason that a stay may over a dismissal may be required here. But that's simply missing from the record. We don't have that here. So as it stands right now, we believe there's not a sufficient record for this court to conduct that meaningful review. But if this court were to disagree and feel like it could reach the merits here, as to the merits, the Circuit Court correctly denied Basinger's motion and ordered the parties and stayed the matter pending ADR discussions between the parties. As mentioned, the court considers granting a stay request, which the board did request a stay in response to Basinger's motion to dismiss as an alternative basis to denying the motion. But when deciding whether to grant a stay request, courts consider likelihood of success on the merits as well as balancing equitable factors. As to the first component, likelihood of success on the merits, the board brought a breach of contract action against Basinger here. And the allegations of the complaint taken as true at this stage show that there is a likelihood of success on the merits. There's no dispute that the parties entered into an agreement. The board alleged that there was defective performance of the contract in the form of unsuitable use of a roof based on defective design. And that the board incurred over $4 million in damages. So there's a likelihood of success on the breach of contract claim here. As to the balance of the equities, the parties below, including Basinger, argued that the board's claim against them was barred by the statute of limitations. Now, the board disagrees with that and does not believe that there is a statute of limitations issue here. But if Basinger was correct and there was a statute of limitations issue, dismissing the complaint outright with no true ability for the board to then engage the parties in mediation, the board had tried to do that prior to filing this lawsuit, the board would be unable to recover damages on its claim against Basinger here. And again, Basinger is not harmed by the stay here. This case is in the extremely early part of the litigation. And again, Basinger has not denied in the circuit court nor has it denied on appeal to this court that the board did reach out to Basinger about trying to resolve this dispute. So there was the opportunity and the chance to try to resolve this dispute prior to a lawsuit being filed. Those attempts were either unanswered or, as to the other defendants in this case, they stated they would not be engaging in mediation. And so prior to filing this lawsuit, the board did attempt to reach out to Basinger to resolve the matter. Now, essentially, Basinger is in the position that it was when it entered into the contract. It is now, per court order, going to the table to conduct ADR with the board and the other defendants. As to the arguments that the board's claim is governed by Article 8 of the contract, I would note that to read the contract as Basinger argues it should be interpreted reads out an important portion of the contract. And so that would create an unreasonable read of the contract. Under Basinger's view, reading in Article 8.3a, Definition of Dispute, to read to state any contested claim or matter as one type of claim that is governed by ADR would read out, essentially, in Article 8.1 of the contract, where it says CDB's exercise of its rights shall not be subject to ADR. So in order for that clause in Section 8.1 to be doing any work, it has to mean that there is a limited scope of claims that are subject to ADR. So we believe the proper interpretation of the Definition of Dispute in this contract is to read it as one clause, any contested claim or matter growing out of the project or CDB's project contracts. And then Clause 2, modifying that entire first clause, is regarding payment or time of performance. So at bottom, essentially, any type of claim regarding time or performance of contract, those claims are governed by Article 8 of the contract and would be subject to ADR. The Board's claims here are completely distinct. They are different. These claims are about negligent performance of the contract based on defective design, as to Basinger, and then defective construction, as to the other defendant. So for those reasons— So are you saying that the lawsuit is not subject to ADR? Our belief is that the claim that the Board brought here is not subject to ADR. No, it is a separate and distinct type of claim that the contract does not contemplate as going to ADR. But the line that you read, CDB's exercise of its rights shall not be subject to ADR, goes on to say, but disputes concerning amounts due and owing are subject to ADR. So you've asked for over $4 million. Is that a dispute? The request for $4 million, as I understand it, is due to the damage that the Board has endured, given the defective performance of the contract, that the work essentially has to be redone. And so that's money that the Board is going to have to expend to hire new companies, new workers, new construction, essentially. Right. That's the request for relief based upon the defective design and defective installation. It's not, however, related to amounts due and owing under this particular contract between Basinger and the Board. So, for example, it's not a matter where Basinger is arguing that the Board did not timely pay or something like where the Basinger did not timely pay a subcontractor, and so now the work has stopped. But my confusion is that prior to this in the discussion and in your brief, you suggest that this matter should be remanded for ADR pursuit to Article 8 of the contract. So how can you have it both ways? Either Article 8 applies or it doesn't apply. Right. So as to the first point, if this Court determines that Article 8 of the contract does apply, then the Board believes that the Circuit Court's order should be affirmed because the stay is appropriate to allow the parties to go to ADR and to conduct ADR. An alternative basis, however, for denying – an alternative basis for denying Basinger's motion to dismiss as the Circuit Court did here ultimately denied its motion to dismiss, an alternative basis for denying that motion to dismiss would be to say that Article 8 does not apply to this claim at all. And so it's an alternative basis. What about with the cross-appeal from Lugo? Asking that we reverse the decision of the Court that it did apply? How do we address that issue? Your Honor, I don't believe that a cross-appeal would have been necessary here. Because at the end, if the result is simply that the motion to dismiss is denied, if that's the ultimate outcome, so the judgment is not being expanded at all in the sense of there's an additional holding. It's simply that the motion to dismiss is denied, so the matter is allowed to proceed, essentially. So for those reasons, I do not believe that a cross-appeal would be necessary here. But even if this Court were to decide not to reach that alternative ground, as explained in our brief, we believe that the Circuit Court's order should be affirmed because even the cases that Basinger cites below and in its opening brief show that courts across the country, when looked to these similar types of issues, have concluded that courts have discretion to stay matters rather than outright dismissing them. And so for those reasons, we believe that at least the portion denying the request for an outright dismissal and staying the matter to allow the parties to engage in ADR is certainly appropriate and should be affirmed by this Court. Do you think there's an ambiguity in this contract, the way you're arguing this? As far as the portion, as far as the definition of dispute? Yes. I believe, given the way that the first sentence, or as explicit as only one sentence, defining dispute, the way to start the first sentence is whether there's no punctuation, such as commas, supporting that there should be different clauses read into that beginning part, indicates that it is meant to be one general broad area, any type of claim, regarding payment or time for performance of contract. And so that suggests that this type of claim, again, is not governed by Article 8 of the contract. So you don't think there's an ambiguity? I don't believe so, based on the way that the beginning of the definition of dispute is phrased. I see that my time is up, unless the Court has any further questions. No other questions, thank you. No other questions, thank you. Thank you. Thanks. First, I don't think the Court is allowed, was allowed to even entertain the balancing that CDB requests, because I think the law is clear. If it was a condition precedent that wasn't satisfied, then the case has to be dismissed. All the case law that we supported, or that we cited, supports that. Now, I will admit for you, there is no case specifically on point that refers to a type of contract like this in Illinois. But there are general Illinois cases that talk about the failure to perform condition precedents, and there is the Stoll case, which says that a condition precedent of a grievance, of an outlying grievance procedure, if not followed, would warrant dismissal, should apply. They raised in their memo, in opposition to my motion to dismiss, this request that it be stayed pending completion of the ADR, they being the Capital Development Board. I provided their motion. They did not present any evidence at the hearing arguing what would, or that gave the Court anything to be able to base it, a balancing of the equities, nor did the Court appear to do that. I think the Court just stayed it without any indication. So there is nothing that in a bystander's report, or anything else that they claim I should have provided, that would have given you any more guidance. I think the issue here is, is the dispute covered by the ADR provision? If so, was ADR a condition precedent for the filing of the lawsuit? And they admit in their complaint they did not do that. Their complaint specifically alleges, because it doesn't matter, if it's not in the complaint, we can't rely upon it here. But their complaint specifically alleges that they didn't participate in ADR, not because Basinger wouldn't do it, but because the other parties wouldn't participate. That's their complaint. That's not an allegation I'm making. This comes straight from their complaint. As a result of that, we know that we didn't do ADR. So the question is, if it was a condition precedent, does Illinois law require that the case be dismissed? There is not one case that the state has cited, nor was there one that I could find that said a court could still balance the equities, even after determining there was a condition precedent that that was failed to be satisfied. And it makes sense that you can't. Because if the contract clearly says X must be done before you file a lawsuit, then you've got to do X. And this contract said it in four different places. In four different places it said that they must do ADR first. As a result of that, we think you should reverse the trial court's decision and dismiss this case as it stands to Basinger. Do you agree that abuse of discretion is the standard of review for the issuance of a stay? I do not. Because I think as a matter of law, the court couldn't issue it in the first place because it's a condition precedent. Thank you. In response to Justice Schiller's question about a cross appeal being necessary from the other side to say Article 8 did not apply, how do you respond to that? Well, the first that's been raised, I could see your point that if the verdict is upheld, then we'd have to do ADR. But if they're trying to say that it doesn't apply because it's vague or ambiguous or something like that, then I would think you would have to have a cross appeal on that. But I haven't given them much thought, Your Honor. Thank you. All right. Thank you for your arguments this morning. We will take the matter under advisement and issue an order in due course.